UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICKY WHITMORE,**

    **Plaintiff,**

                                          Civil Action 2:15-cv-2468
    v.                             JUDGE GREGORY L. FROST
                                          Magistrate Judge Elizabeth P. Deavers

**ELMEACO MALLORY,**

    **Defendant.**

## ORDER

Plaintiff, Ricky Whitmore, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Elmeaco Mallory, an investigator for the Equal Employment Opportunity Commission ("EEOC") who handled Plaintiff's discrimination claims.  This matter is before the Court for consideration of the United States Magistrate Judge's July 7, 2015 Report and Recommendation.  (ECF No. 3.)  The Magistrate Judge conducted an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) and recommended that the Court dismiss this action for failure to state a claim.  For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **DISMISSES** this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In the Report and Recommendation, the Magistrate Judge first set forth the standards governing initial screens, which the Court incorporates by reference.  In recommending dismissal of this action, the Magistrate Judge reasoned as follows:

> According to the Complaint, Plaintiff filed a discrimination charge against his former employer with the EEOC.  Defendant was assigned to investigate Plaintiff's charge.  Plaintiff filed this instant action against Defendant because he is dissatisfied with Defendant's investigation and resolution of his charge against his

> former employer.  In terms of relief, Plaintiff asks this Court to construe the terms of an agreement he apparently entered into with his former employer and also to declare that Defendant improperly handled his claim against his former employer.
>
> Plaintiff's dissatisfaction with Defendant's handling of his discrimination charges fails to state a claim upon which relief may be granted because no private right of action to assert such a claim exists.  *Darby v. United States Dep't of Energy*, No. 05-4325, 2006 WL 7348136, at *6 (6th Cir. June 9, 2006) (holding that "[t]he [plaintiff's] claim lacks merit because [she] has no cause of action against the EEOC for the alleged improper handling of her complaints") (citing *Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir. 1983) (no private right of action against EEOC for unsatisfactory resolution of discrimination complaint)); *Jackson v. Frank*, No. 90-1266, 1990 WL 182029, at *1 (6th Cir. Nov. 23, 1990) ("The district court properly dismissed [the plaintiff's] claims against [the EEOC investigator] as the courts have consistently recognized that the EEOC and its employees are not subject to suit for actions taken in their review of complaints for discrimination." (citations omitted)).  Accordingly, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim.

(*Id*. at 4.)  In addition, the Report and Recommendation specifically advised Plaintiff that the failure to object to the Report and Recommendation within fourteen days of the Report would result in a "waiver of the right to de novo review . . . by the District Judge and waiver of the right to appeal the judgment of the District Court."  (*Id*. at 5.)

Plaintiff failed to timely file an objection to the Report and Recommendation.

Subsequent to the deadline for filing objections to the Report and Recommendation, Plaintiff filed an Amended Complaint.  (ECF No. 3.)  Like his original Complaint, Plaintiff's Amended Complaint seeks to assert claims against EEOC investigator Elmeaco Mallory arising from Mr. Mallory's handling of Plaintiff's discrimination charges against his former employer.  Plaintiff also names Cheryl Mabry-Thomas, the director of the EEOC's Cleveland office, as a defendant, but does not mention her in any allegations.

As the Magistrate Judge advised in the Report and Recommendation, Plaintiff's failure to timely file objections constitutes a waiver of his right to a further review of the Magistrate

Judge's recommendations.  *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  The Court therefore **ADOPTS** the July 7, 2015 Report and Recommendation.  (ECF No. 3.)  Even if the Court were to consider Plaintiff's belatedly filed Amended Complaint, dismissal under § 1915(e)(2) is still required.  As the Magistrate Judge explained, no private right of action exists against the EEOC or its employees for actions taken in connection with their handling of complaints of discrimination.  *Jackson*, 1990 WL 182029, at *1.  Accordingly, the Court **DISMISSES** this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.  For the reasons set forth above and in the Report and Recommendation, the Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order is not taken in good faith.

    **IT IS SO ORDERED.**

        /s/ Gregory L. Frost
        GREGORY L. FROST
        UNITED STATES DISTRICT JUDGE